IN THE MATTER OF: THE APPEAL OF MITCHELL-CAROLINA CORP. FROM THE ASSESSMENT OF AD VALOREM TAXES ON ITS INVENTORY BY MECKLENBURG COUNTY FOR 1982

No. 8310PTC307

(Filed 3 April 1984)

Taxation § 25.5— time for listing inventory for tax purposes—end of fiscal year as opposed to calendar year—distributor of heating and air conditioning equipment and parts covered by statute

    A 1973 amendment to G.S. 105-285 did not exclude a strictly mercantile business enterprise such as the taxpayer in this case, a distributor of heating and air conditioning equipment and parts, from its terms. The omission of a comma between the words "mercantile" and "manufacturing" in G.S. 105-285(c) did not give rise to the nonsensical term "mercantile manufacturing business enterprise" but rather indicated that the comma was inadvertently omitted when the statute was revised, and taxpayer, after having chosen the end of its fiscal year as the time it listed inventory for tax purposes, was required to list its inventory as of that date and not as of the end of the calendar year.

APPEAL by taxpayer from the final decision of the North Carolina Property Tax Commission entered 26 January 1983. Heard in the Court of Appeals 14 February 1984.

*Hasty, Waggoner, Hasty, Kratt & McDonnell, by William J. Waggoner,* for appellant Mitchell-Carolina Corp.

*Ruff, Bond, Cobb, Wade & McNair, by Hamlin L. Wade,* for appellee Mecklenburg County.

ARNOLD, Judge.

The sole issue before this Court is whether Mitchell-Carolina Corp. (hereinafter Taxpayer) is required to list and value its inventory for tax purposes as of the end of its fiscal year or as of 1 January. Both the North Carolina Property Tax Commission and Mecklenburg County contend that the established principles of

statutory construction as well as common sense mandate that Taxpayer is subject to the provisions of G.S. 105-285(c) and is required to value its property at the end of its fiscal year on 31 October. Taxpayer argues that the clear and ordinary meaning of the words in the 1973 revision of this statute requires Taxpayer to value its inventory as of 1 January. We hold, upon application of the elementary rules of statutory construction to the stipulated facts, that the County correctly valued Taxpayer's inventory as of the end of Taxpayer's fiscal year and the Commission properly affirmed this assessment.

Taxpayer is the North and South Carolina distributor of heating and air conditioning equipment and parts which are manufactured by the Bryant Heating and Equipment Company. At its principal place of business in Mecklenburg County, Taxpayer receives and warehouses the equipment and parts in the original cartons and resells the same to its dealers. Small parts may be sold in less than carton quantities. The equipment and parts constitute inventory and are delivered by motor freight or picked up by local dealers at the city counter. Taxpayer does not manufacture, modify or install accessories to items of inventory.

Since prior to 1973, Taxpayer's fiscal year has begun on 1 November and ended on 31 October. Prior to the 1982 tax year, and since 1973, when G.S. 105-285(c) was enacted, Taxpayer reported the value of its inventory to the Mecklenburg County Tax Supervisor as of the end of its fiscal year. The value of its other assets was reported as of 1 January of each year.

On 31 October 1981, Taxpayer owned an inventory of heating and air conditioning parts and accessories having a market value of $1,534,878. On 11 December 1981, a fire caused a substantial portion of Taxpayer's inventory to be damaged or destroyed. After the fire, on 1 January 1982, the market value of all inventory at Taxpayer's place of business was reduced to $815,816.

The provisions governing the listing, appraisal and assessment of Taxpayer's property and collection of its property taxes are compiled in the Machinery Act, G.S. 105-317.1 *et seq.* For purposes of this appeal the pertinent portion of the Act is G.S. 105-285. *Date as of which property is to be listed and appraised.*

Prior to 1973, G.S. 105-285(b) provided:

(b) Except as otherwise provided in this subsection (b), the values and ownership of personal property, both tangible

---

In re Mitchell-Carolina Corp.

---

and intangible, shall be determined annually as of January 1. The value of inventories and other goods and materials held and used in connection with the mercantile, manufacturing, processing, producing, or other business enterprise of a taxpayer whose fiscal year closes at a date other than December 31 shall be determined as of the ending date of the taxpayer's latest completed fiscal year. . . .

In 1973, G.S. 105-285 was amended as follows:

(b) Personal Property; General Rule.—Except as provided in subsection (c) below, the value, ownership, and place of taxation of personal property, both tangible and intangible, shall be determined annually as of January 1.

(c) Business Inventories.—The value, ownership, and place of taxation of inventories held and used in connection with the mercantile manufacturing, processing, or producing business enterprise of a taxpayer having a place of business in this State, whose fiscal year closes at a date other than December 31, shall be determined annually as of the ending date of the taxpayer's latest completed fiscal year. . . .

Taxpayer now contends that since the Legislature deleted the comma between the words "mercantile" and "manufacturing" in the 1973 revision of G.S. 105-285, the plain and ordinary meaning conveyed by the statute has changed. Taxpayer suggests that the statute now requires only a mercantile manufacturing, mercantile processing or mercantile producing enterprise to list its inventory for tax purposes at the end of its fiscal year; and that the revision excludes a strictly mercantile business enterprise such as Taxpayer. The County responds that the omission of the comma in the revision of G.S. 105-285 constitutes a clerical error. We agree that this punctuation was inadvertently omitted, and hold that Taxpayer's contentions would lead to consequences that are both absurd and inconsistent with the manifest purpose of the statute.

The rules of statutory construction provide that "the language of a statute will be interpreted so as to avoid an absurd consequence. . . ." *State v. Spencer*, 276 N.C. 535, 547, 173 S.E. 2d 765, 773 (1970). "Where a literal reading of a statute 'will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of

the law shall control and the strict letter thereof shall be disregarded.' (Citation omitted.)" *Taylor v. Crisp*, 286 N.C. 488, 496, 212 S.E. 2d 381, 386 (1975).

A literal reading of G.S. 105-285(c), with the omission of the comma between "mercantile" and "manufacturing," gives rise to the nonsensical terms "mercantile manufacturing business enterprise," "mercantile processing business enterprise," and "mercantile producing business enterprise." The word "mercantile" means "having to do with trade or commerce or the business of buying and selling merchandise." Black's Law Dictionary 1138 (rev. 4th ed. 1968). The buying and selling of goods is an entirely different activity from either manufacturing, processing or producing goods; and it is therefore illogical to assume that "mercantile" was meant to represent a category of these three activities.

Moreover, as the Commission noted in its decision, Taxpayer's interpretation of the statute would require a business taxpayer who both manufactures goods and buys finished goods for resale to determine the value of its manufactured goods at their fiscal-year-end value, while the value of its finished goods held for resale would be determined as of 1 January. Clearly the Legislature did not intend such harsh results.

The intent of the Legislature can be collected from the language in G.S. 105-285 and other sections of the Machinery Act.

> [A] provision in a statute must be construed as a part of the composite whole and must be accorded only that meaning which other modifying provisions and the clear intent and purpose of the act will permit. Its meaning must sound a harmonious — not a discordant — note in the general tenor of the law.

*Watson Industries v. Shaw, Comr. of Revenue*, 235 N.C. 203, 210, 69 S.E. 2d 505, 511 (1952).

The second paragraph of G.S. 105-285(c), as revised in 1973, provides:

> For purposes of this section, the word "inventories" means goods held for sale in the regular course of business, raw materials, and goods in process of manufacture or processing, it also means other goods and materials that are used

or consumed in manufacture or processing or that accompany and are sold with the goods manufactured or processed.

When this second paragraph is read in conjunction with the first paragraph of the statute, it is clear that the Legislature intended that goods "held for sale in the regular course of business" should refer to the following phrase in the first paragraph: "inventories held and used in connection with the mercantile . . . business enterprise of a taxpayer. . . ." The other items of "inventories" listed in the second paragraph of G.S. 105-285(c) refer to "inventories held and used in connection with the . . . manufacturing, processing, or producing business enterprise of a taxpayer. . . ." G.S. 105-285(c).

The parties on appeal stipulated that Taxpayer's inventory consisted of heating and air conditioning equipment and parts which are received and warehoused by Taxpayer until they are resold. This inventory constitutes "goods held for resale in the regular course of business. G.S. 105-285(c). A finding that Taxpayer's inventory is not covered by section (c) would contradict a portion of the definition of "inventories" and make its inclusion within the statute meaningless.

The language in G.S. 105-317.1 of the Machinery Act provides further support for the conclusion that the Legislature inadvertently omitted a comma in G.S. 105-285(c). G.S. 105-317.1 lists the elements to be considered in appraising personal property. In particular, subsection (b) of this statute reads:

(b) In determining the true value of inventories and other goods and materials held and used in connection with the mercantile, manufacturing, producing, processing, or other business enterprise of any taxpayer, the persons making the appraisal shall consider the valuation of such property as reflected by the taxpayer's records and as reported by the taxpayer to the North Carolina Department of Revenue and to the Internal Revenue Service for income tax purposes. . . .

Here we find a comma between the words "mercantile" and "manufacturing." The Commission concluded, and we agree, that if the Legislature intended to omit the comma in G.S. 105-285(c), then it is logical to assume that they would have omitted it here.

Finally, in the Institute of Government's *1973 Supplement to the Annotated Machinery Act of 1971*, the revised Act was reprinted with a comma inserted in brackets between the words "mercantile" and "manufacturing" in G.S. 105-285(c). *Id.* at p. 76. In his comments to subsection (c), the annotator, Henry W. Lewis, wrote:

> As rewritten, the statute provides that, "The value, *ownership, and place of taxation* of inventories held and used in connection with the mercantile, manufacturing, processing, or *producing* business enterprise of a taxpayer *having a place of business in the State*, whose fiscal year closes at a date other than December 31, shall be determined *annually* as of the ending date of the taxpayer's latest completed fiscal year." The words in italics denote alterations from the 1971 version.

*Id.* at 78. This language clearly indicates that the comma was inadvertently omitted when the statute was revised.

Since the revision of G.S. 105-285(c) in 1973, Taxpayer has consistently valued its inventory as of the end of its fiscal year as required by the language of this revised statute. The fact that the value of Taxpayer's inventory was substantially reduced by fire after its fiscal-year-end and prior to 1 January, has no effect upon the clear meaning and application of this statute.

The decision of the North Carolina Property Tax Commission is affirmed in all respects.

Affirmed.

Judges WHICHARD and BECTON concur.